Filed 9/10/15  McCready v. Cal. Dept. of Justice CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOHN PETER MCCREADY, | B259776 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS144862) |
| v. | |
| CALIFORNIA DEPARTMENT OF JUSTICE–BUREAU OF CRIMINAL INFORMATION AND ANALYSIS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Joanne B. O'Donnell, Judge.  Affirmed.

John Peter McCready, in pro per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M.B. Fowler, Senior Assistant Attorney General, Celine M. Cooper, Supervising Deputy Attorney General, Melissa F. Day, Deputy Attorney General, for Defendant and Respondent.

\* \* \* \* \* \*

For more than a decade, John Peter McCready (McCready) has been challenging the contents of his criminal history record. That record is maintained by the California Department of Justice's (Justice Department) Bureau of Criminal Information and Analysis (Bureau). The Justice Department rejected his claims after conducting two evidentiary hearings. McCready then filed a petition for a writ of mandate in the superior court, which was denied. We conclude that McCready's criminal history record contains no material inaccuracies, and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

McCready has been convicted of several crimes, including a 1999 conviction for attempting lewd and lascivious acts with a child under the age of 14 (Pen. Code, § 288, subd. (a)).[1] This offense requires McCready to register as a sex offender. (§ 290, subds. (b) & (c).)

The Bureau is required by statute to maintain "state summary criminal history information" on individuals (§ 11105, subd. (a)), and to make this information available to statutorily enumerated entities and individuals who are doing background checks on individuals seeking to work with them (*id.*, subd. (b)). McCready's criminal history report includes, among other things, his true name as well as aliases he has used; his physical characteristics (sex, race, height, weight, eye and hair color); his date of birth, his social security number, and his California driver's license number; his criminal convictions, including their dates and the sentences imposed; the names of the six different agencies that have requested his criminal history record as well as the dates of their requests; and a notation that he had registered as a sex offender with the San Bernardino Police Department on September 9, 2003.

A person has the statutory right to challenge "the accuracy or completeness of any material matter" contained in his criminal history record. (§ 11126, subd. (a).) Starting in 2004, McCready exercised that right and raised a number of challenges to his report.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

When the Bureau denied him relief, he sought and was granted a hearing before an administrative law judge. (§ 11126, subd. (c) [granting right to hearing before an administrative law judge].) The Justice Department reviewed the administrative law judge's tentative decision, accepted part of it, and remanded the matter back to the judge to provide greater explanation as to why he rejected McCready's remaining arguments. A second administrative law judge issued a tentative decision rejecting McCready's remaining challenges, and the Justice Department adopted that decision as its own.

McCready then filed a petition for a writ of mandate challenging the Justice Department's administrative rulings. The trial court denied the petition, concluding that (1) the Bureau properly included, in McCready's criminal history report, his social security number, his California driver's license number, and the names of and dates on which the various agencies submitted his fingerprints to the Bureau to obtain his criminal history report, (2) substantial evidence supported the report's notation that McCready had registered as a sex offender in 2003 with the San Bernardino Police Department, and (3) the Justice Department's dual role as party and administrative adjudicator, as prescribed by Government Code section 11517, subdivision (c), did not violate due process.

After the trial court entered judgment, McCready timely appealed.

## DISCUSSION

In this appeal, McCready raises the same three alleged errors that he urged upon the trial court. As to those errors, our task is to determine if his criminal history report is "inaccurat[e] or incomplete[]" in any "material" way. (§ 11126, subd. (b).) If the alleged inaccuracy turns on a question of law, our review is de novo (*People v. Camp* (2015) 233 Cal.App.4th 461, 467); if it turns on a question of fact, we review the Justice Department's factual findings for substantial evidence (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 673).

## I.     Wrongful Inclusion of Information

McCready argues that the Bureau lacks the legal authority to include, in a criminal

3

history report, (1) the names of agencies requesting a person's criminal history report, and the dates of their requests, (2) a person's social security number, or (3) a person's California driver's license number.

We reject McCready's challenge to the inclusion of information regarding background checks for three reasons. First, "state summary criminal history information" is defined by statute to be "the master record of information compiled by the Attorney General pertaining to the identification and criminal history of any person, *such as* name, date of birth, physical description, fingerprints, photographs, dates of arrest, arresting agencies and booking numbers, charges, dispositions, and *similar data about the person*." (§ 11105, subd. (a)(2)(A), italics added.) The italicized language indicates that the statute's listing of information is meant to be illustrative, not exhaustive. More to the point, the statutory definition includes information "pertaining to [] identification" and specifically lists "fingerprints." Because requesting agencies submit fingerprints and the Bureau returns the criminal history report of the person whose prints are a match, a listing of those agencies is pertinent both as evidence of the applicant's identity and as a record of his fingerprints.

Second, the Bureau is under a duty to inform agencies that have requested a background check of any subsequent changes to the person's criminal history report. (§ 11105.2, subd. (d).) This duty necessarily requires the Bureau to track those agencies. Including their names and the dates of their requests in a criminal history report is consonant with that duty.

Lastly, the Bureau has long interpreted the statute to authorize the inclusion of this information, and this interpretation—while just one of many factors we may consider—is nevertheless "entitled to consideration and respect by the courts." (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7; *Holland v. Assessment Appeals Bd. No. 1* (2014) 58 Cal.4th 482, 494.) For the reasons outlined above, we conclude that the Bureau's interpretation accords with the statutory text and the overall reporting scheme, and is thus entitled to due consideration.

4

Because a person's social security number and California driver's license number "pertain[] to . . . identification" (§ 11105, subd. (a)(2)(A)), they are also properly included in a criminal history report. (§ 13125 [requiring state and local criminal offender record information systems to list an offender's social security number and California driver's license number].)

## II. Inaccuracy of Sexual Registrant Information

McCready next contends that the Bureau erred in noting that he registered as a sex offender in September 2003 with the San Bernardino *Police Department* because McCready instead registered with the San Bernardino *Sheriff's Department*. This claim lacks merit. To begin, the administrative record contains a sex offender registration form dated September 9, 2003, which McCready signed; on that form, he states that he is transient within the city of San Bernardino. When a person is transient, he is statutorily directed to "register with the chief of police of the city in which he . . . is physically present." (§ 290.011, subd. (a).) There is accordingly substantial evidence to support the Bureau's determination that McCready registered with the San Bernardino *Police Department* in 2003. In any event, McCready has not demonstrated why this alleged factual error is material; on its face, it is not.

## III. Alleged Due Process Violation

Finally, McCready levels a constitutional challenge at Government Code section 11517, subdivision (c), because it authorizes the Justice Department to act both as the party whose actions are challenged *and* the final adjudicator of those challenges. McCready asserts this dual role violates due process. It does not, and attacks on Government Code section 11517, subdivision (c) have been repeatedly rejected. (*Gore v. Board of Medical Quality Assurance* (1980) 110 Cal.App.3d 184, 190; *Whitlow v. Board of Medical Examiners* (1967) 248 Cal.App.2d 478, 489; see also *Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 220-221 ["a legislature may adopt an administrative procedure in which the same individual or entity is charged both with developing the facts and rendering a final decision"].) McCready

5

gives us no reason to depart from this precedent, even if we could.

## DISPOSITION

The judgment denying the petition for writ of mandate is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                                        HOFFSTADT

We concur:

_____, P.J.
            BOREN

_____, J.
            CHAVEZ

6